# EXHIBIT A

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| JANE DOE ) <br> (Name and Address Withheld) ) <br> ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNITED AIRLINES, INC. ) <br> SERVE: ) <br>    CT CORP., STATUTORY AGENT ) <br>    4400 Easton Commons Way ) <br>    Suite 125 ) <br>    Columbus, OH  43219 ) <br> ) <br> and ) <br> ) <br> JOHN DOE ) <br> (Identity and Address presently Unknown) ) <br> ) <br>     Defendants ) | CASE NUMBER: <br><br> JUDGE: <br><br> C O M P L A I N T <br> (Jury Demand Endorsed Hereon) |

## **PREAMBLE**

Due to the facts and circumstances that give rise to these claims, plaintiff has filed this Complaint under pseudonym and without exact addresses in order to protect her identity. It is plaintiff's intention to file an amended, sealed Complaint noting her true identity at the appropriate time when her identity can be properly protected.

## **PARTIES**

1.     At all times pertinent herein, plaintiff was a resident of the City of Massillon, County of Stark, and State of Ohio.

-2-

2. At all times pertinent herein, Defendant United Airlines, Inc., is a foreign corporation licensed to do and doing business in the State of Ohio. Defendant United Airlines, Inc. is a common carrier, whose business includes the transportation of persons in Ohio, which imputes upon it a higher standard of care in conducting its business.

3. Defendant John Doe (name and address unknown) is intended to be the individual whose exact name, address and identity are presently unknown and who negligently and/or recklessly and/or willfully and/or wantonly directly and proximately caused personal injury to plaintiff, including both acts of omission and acts of commission. Despite reasonable and due diligence by plaintiff, the name and address of Defendant John Doe could not be ascertained prior to the preparation and filing of this Complaint. Plaintiff will seek leave to amend this Complaint to specifically name and identify Defendant John Doe once his exact name, address and identity are discovered.

4. At all times pertinent herein, Defendant John Doe was acting within the course and scope of his employment with Defendant United Airlines, Inc., in furtherance of its business.

**(Count One)**

5. Plaintiff restates and realleges each and every preceding paragraph as if fully rewritten herein.

6. On or about December 7, 2019, plaintiff was a passenger aboard Defendant United Airlines, Inc.'s flight 6101 from Houston, Texas to Akron/Canton Airport.

7. During the flight, plaintiff left her seat and walked to the back of the plane to use the restroom.

-3-

8. At that time and place, Defendant John Doe, a flight attendant employed by Defendant United Airlines, Inc. and acting with the course and scope of his employment with Defendant United Airlines, Inc., intentionally, recklessly and brutally grabbed plaintiff, covered her mouth with his hand, and sexually assaulted plaintiff after she exited the restroom.

9. As a direct and proximate result of the actions and inactions of Defendant John Doe, while in the course and scope of his employment with Defendant United Airlines, Inc., plaintiff suffered harmful and offensive contact, severe mental and emotional distress, permanent physical and mental injuries, medical and hospital expenses, extreme conscious pain, suffering and extreme psychological agony.

10. As a direct and proximate result of the foregoing actions and inactions, plaintiff incurred and will continue to incur medical expenses.

**(Count Two)**

11. Plaintiff restates and realleges each and every preceding paragraph as if fully rewritten herein.

12. As a common carrier for hire, providing air transport to fare-paying passengers, Defendant United Airlines owed plaintiff, and all other passengers, the highest standard of care and is required to exercise extraordinary diligence to protect and insure the safety of its passengers.

13. At all times pertinent hereto, Defendant United Airlines, individually and/or by and through its employees and/or agents and/or officers and/or directors, was negligent, reckless, willful and wanton in the policies that were created and enforced by said defendant.

-4-

14. Defendant United Airlines, Inc., by and through its employees and/or agents and/or officers and/or directors, failed to exercise ordinary, reasonable, and prudent care by reason of the following acts and/or omissions, each of which directly caused the attack on the plaintiff:

(a) Defendant United Airlines, Inc. failed to provide adequate security for its passengers, specifically plaintiff herein; and

(b) Defendant United Airlines, Inc. negligently hired, trained, supervised, retained and/or otherwise was negligent in its employment of Defendant John Doe.

15. As a direct and proximate result of the negligence of Defendant United Airlines, Inc., plaintiff was damaged as aforesaid.

**(Count Three)**

16. Plaintiff restates and realleges each and every preceding paragraph as if fully rewritten herein.

17. Plaintiff states that Defendant John Doe, an employee of Defendant United Airlines, Inc., while acting in the course and scope of his employment with Defendant United Airlines, Inc., unlawfully, willfully, intentionally, and maliciously restrained and sexually assaulted plaintiff.

18. Due to Defendant United Airlines, Inc. negligent hiring, training, supervision, retention and/or other negligence in its employment of Defendant John Doe, Defendant John Doe's actions were foreseeable.

19. By virtue of the agency relationship between Defendant John Doe and Defendant United Airlines, Inc., Defendant United Airlines, Inc. is liable for the negligent, intentional, careless and reckless actions of its servant, Defendant John Doe, and plaintiff's damages

-5-

approximately caused therefrom.

20.    Pursuant to the Doctrine of Respondeat Superior, Defendant United Airlines, Inc. is responsible for the negligence of Defendant John Doe and plaintiff's damages proximately caused therefrom.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, for compensatory damages in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), plus punitive damages in an amount in excess of Twenty-five Thousand Dollars ($25,000.00), plus costs and such further relief as the Court may deem just and proper.

                    Respectfully submitted,

                    FRIEDMAN, DOMIANO & SMITH CO.,
                      L.P.A.

                    /s/ Richard L. Warren, Jr. (0067137)

                    /s/ Jeffrey H. Friedman (0018563)

                    55 Public Square, Suite 1055
                    Cleveland, OH 44113
                    Telephone: (216) 621-0070
                    Facsimile: (216) 241-5194
                    rwarren@fdslaw.com
                    jfriedman@fdslaw.com
                    fds@fdslaw.com

                    Attorneys for Plaintiff

-6-

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

/s/ Jeffrey H. Friedman (0018563)  
Attorney for Plaintiff
